UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHADELL D. MORRIS,**

    **Petitioner,**

v.                                                           Case No. 19-CV-442

**MILWAUKEE COUNTY HOUSE OF CORRECTIONS,**

    **Respondent.**

---

## REPORT AND RECOMMENDATION

---

Shadell D. Morris, who is currently incarcerated at the Milwaukee County House of Corrections, filed a petition for writ of habeas corpus challenging his pretrial detention pursuant to 28 U.S.C. § 2251. (Docket # 1.) Because Morris has not exhausted state remedies, I recommend that his petition be denied.[1]

While habeas corpus is generally a post-conviction remedy, the federal courts do have jurisdiction under 28 U.S.C. § 2241(c)(3) to grant writs of habeas corpus to individuals in state pretrial custody. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, in the interest of comity, a habeas petitioner must exhaust all available and adequate state procedures before seeking relief in federal court. *Id.*; *Moore v. De Young*, 515 F.2d 437, 441–43 (3rd Cir. 1975). Only in "special" or "exceptional" circumstances will courts exercise pretrial habeas jurisdiction in the absence of state exhaustion. *Neville*, 611 F.2d at 675; *United States ex rel. Parish v. Elrod*, 589

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Morris's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

F.2d 327, 329 (7th Cir. 1979). "[W]here there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its pre-trial habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

In his petition, Morris asserts that his pretrial detention is unconstitutional under the Fourth, Fifth, and Fourteenth Amendments. (Docket # 1 at 1.) Construing the petition liberally, Morris appears to allege that the police influenced the victim to identify him as the offender in a police photo array, and detained him without probable cause based only on police reports without other evidence. (*Id.* at 2–3.) He also claims that he is being detained without officially being charged. (*Id.* at 2.)

A review of the Wisconsin state court records for Case No. 2018CF005507 shows that a criminal complaint against Morris was filed on November 20, 2018. He was charged with two counts of First-Degree Reckless Injury and two counts of First-Degree Recklessly Endangering Safety, all with a modifier for use of a dangerous weapon. He made an initial appearance in Milwaukee County Court on November 21, 2018. On November 29, 2018 the court held a preliminary hearing, found probable cause, and bound Morris over for trial. Morris is scheduled for a jury trial on April 8, 2019.

Under these circumstances, it would offend principles of comity for this court to adjudicate Morris's detention. The ongoing state court proceedings are the appropriate avenue for Morris to pursue his constitutional claims. Therefore, I recommend that Morris's petition under § 2251 be dismissed without prejudice.

**NOW, THEREFORE, IT IS RECOMMENDED** that Morris's petition for writ of habeas corpus pursuant to 18 U.S.C. § 2251 (Docket # 1) be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge