UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHADELL D. MORRIS,

    Petitioner,

v.                                                                                Case No. 19-C-442

MILWAUKEE COUNTY HOUSE OF CORRECTIONS,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITION

Petitioner Shadell D. Morris, who is currently incarcerated at the Milwaukee County House of Corrections, filed a petition for writ of habeas corpus challenging his pretrial detention pursuant to 28 U.S.C. § 2241. On April 3, 2019, Magistrate Judge Nancy Joseph screened his petition and filed a Report and Recommendation in which she recommends that the petition be dismissed without prejudice. Dkt. No. 3.

In his petition, Morris asserts that his pretrial detention is unconstitutional under the Fourth, Fifth, and Fourteenth Amendments. Morris alleges that the police influenced an eye witness to identify him as the offender in a police photo array, detained him without probable cause, and that a probable cause determination was not made within 48-hours as required by *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Morris also claims that he is being detained without officially being charged. In his objection to the Report and Recommendation, Morris also claims the police searched and seized his vehicle without a warrant, probable cause, or his permission. In his objection Morris also asserts that search and seizure of his vehicle violates Sections 1, 2, 9, and 11

of the Wisconsin Constitution as well as Chapter 968 of the Wisconsin Statutes in addition to the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.

Morris' petition will be dismissed without prejudice because he has not attempted to exhaust his state court remedies. As explained in Magistrate Judge Joseph's Report and Recommendation, "where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its pre-trial habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore v. De Young*, 515 F.2d 437, 443 (3d Cir. 1975); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979). Although Morris filed an objection, none of the issues that he raised address the underlying basis upon which Judge Joseph determined his petition should be dismissed in her Report and Recommendation. Consequently, as there is no evidence that Morris has exhausted his state court remedies, his petition will be dismissed.

The court therefore adopts the Report and Recommendation of the Magistrate Judge and orders the petition **DISMISSED without prejudice** so that Morris may exhaust his state court administrative remedies.

**SO ORDERED** this  23rd  day of April, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court